OPINION
Kenneth Moss appeals from an order finding him to be a sexual predator. We affirm.
In February, 1993, Moss was indicted on seven counts of gross sexual imposition (GSI) involving his twelve-year-old daughter. All seven counts specified a prior offense of violence conviction, to-wit: rape in 1983. Eventually, Moss pleaded guilty to two counts of GSI with the specification and five counts of GSI without the specification. On June 7, 1993, Moss was sentenced in the aggregate to 4 — 10 years imprisonment.
On March 10, 2000, the trial court conducted a sexual predator hearing at which Moss, by counsel, stipulated the presentence report and psychological evaluation prepared prior to sentencing, a H.B. 180 screening instrument prepared by the assistant director of the probation department, and an Institution Summary Report dated 1-18-00. Neither party presented witnesses or other evidence. The trial court found that the documentary evidence was clear and convincing evidence that Moss was a sexual predator. Moss appealed from the entry and order memorializing this finding. He advances four assignments of error.
 1. APPELLANT WAS DENIED A FAIR HEARING DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
The chief complaint under this assignment of error is that Moss' counsel permitted the trial court to consider seven-year-old information and did not present evidence of Moss' current psychological state. There was certainly no ineffectiveness of counsel on account of stipulating the PSI and psychological evaluation. These reports were admissible underState v. Cook (1998), 83 Ohio St.3d 404, 425, and their age went to the weight to be ascribed to them, not their admissibility. See State v.Zabrosky (Dec. 7, 1999), Seneca App. No. 13-99-11, unreported. As to the failure to present evidence about Moss' current psychological state, the record fails to portray prejudice. It would be entirely speculative to posit that current information about Moss' psychological state, if such existed, would have been favorable to Moss, or that counsel did not attempt to obtain such information.
Moss also complains that his counsel failed to "challenge" the State's failure to present evidence of his propensity to commit further sexually oriented offenses, or the trial court's entry and order that summarily found that Moss was a sexual predator.
These complaints strike us as more appropriately addressed to the performance of the trial court rather than counsel, and we will consider them in our discussion of the second and third assignments.
The first assignment is overruled.
 2. THE FINDING THAT APPELLANT IS A SEXUAL PREDATOR IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
Moss argues under this assignment that the evidence failed to establish a propensity to reoffend, and as such, was insufficient as a matter of law. As a fallback position, he argues that the seven-year-old PSI and psychological evaluation are too old to constitute clear and convincing evidence that Moss is likely to reoffend.
It was not necessary for the State to present direct evidence that Moss was likely to commit a sexually oriented offense in the future. Statev. Champion (Aug. 4, 2000), Montgomery App. No. 18044, unreported. The question thus becomes whether the trial court acted within its discretion in concluding that the documentary evidence clearly and convincingly supported an inference that Moss was likely to reoffend. We answer this question "yes."
The PSI revealed that over a 5 week period in late 1992 — early 1993, Moss molested his twelve-year-old daughter at least seven times by fondling her breasts and vagina, making her fondle his penis, and masturbating between her legs and on her body until he ejaculated. Moss threatened his daughter with physical harm if she told, and on one occasion threatened to kill her and the entire family if she told. He also threatened his daughter with harm if she didn't allow him to molest her. Moss admitted to molesting his daughter and said he did it to gain a sense of control over her and to satisfy his personal hunger power. In 1982, Moss had been convicted of raping a 23-year-old woman at gunpoint. He served five years of a 5 — 25 year sentence. According to his parole officer, Moss had committed other sexual assaults on victims of all ages for which he was never charged. In 1981, Moss was charged with several offenses, including GSI. These charges were eventually dismissed. Between the ages of eleven and eighteen, Moss recalled having sex with an older sister.
The H.B. 180 screening instrument reiterated much of this information and added that a former parole officer reported that Moss had a significant substance abuse history.
The psychological evaluation revealed that Moss had attended an eighteen-month group sex offender treatment program while in prison on the rape conviction and another eighteen-month program while he was on parole after release from prison. Given this 36 months of treatment prior to the molestation of his daughter, the evaluating psychologist observed that Moss' stated desire for more treatment was "not as encouraging as one would hope." The psychologist conducted a Minnesota Multiphasic Personality Inventory — 2 and concluded, inter alia, that Moss had "poor impulse control" and "periodically acts out his chronic, intense anger and has repeatedly acted out in a sexually aggressive way." She further concluded that despite 36 months of sex offender treatment, Moss remained a danger to his children and the community, showed little remorse or true insight into how he may have damaged his daughter, who "is only the most recent victim" of Moss' "sexually aggressive ways."
The Institution Summary Report listed what appears to be self-improvement programs Moss participated in, and noted he "has been receiving individualized counseling ref to sex offenders" from the staff psychologist.
Having reviewed the documentary evidence before the trial court, we believe that it clearly and convincingly supported the inference that Moss was likely to commit another sexually oriented offense in the future, and that the trial court acted within its discretion in so finding. Although Moss strenuously contends that there was no current evidence of his likelihood to reoffend, we believe the trial court could have reasonably determined that Moss' behavioral traits, as documented in the PSI and psychological evaluation, would not have dissipated during his current imprisonment. They certainly hadn't dissipated during his earlier incarceration on the rape conviction, during which he received eighteen months of sex offender treatment, followed by another eighteen months of treatment while on parole.
The second assignment is overruled.
 3. THE TRIAL COURT ERRED IN FAILING TO MAKE THE REQUIRED FINDINGS OF FACT IN ITS ORDER AND ENTRY CLASSIFYING THE APPELLANT AS A SEXUAL PREDATOR.
This assignment is based on State v. Burbridge (Dec. 16, 1999), Franklin App. No. 99AP-264, unreported, an opinion authored by Judge Tyack. As it pertains to this assignment, Burbridge states:
 By his third assignment of error, appellant contends that the trial court erred in summarily finding him to be a "sexual predator."
* * *
 While the "sexually oriented offender" classification is automatic, the "predator" classification is a two-pronged judicial determination. In addition to finding the offender committed a sexually oriented offense, the trial court must further find, based upon clear and convincing evidence, that the offender displays a propensity to commit future similar crimes. We cannot sustain a trial court's summary determination that appellant qualifies as a "sexual predator," where no evidence was presented to support such a finding and no analysis exists on the record., Appellant further contends that the trial court's stated reasons for making this determination were insufficient to establish that appellant is likely to commit another sexually oriented offense. We agree.
 The hearing conducted on this issue comprises one-half of one transcript page. The hearing consisted of the trial court's comment that he had reviewed the PSI and had found that the state "proved by clear and convincing evidence * * * the defendant is a sexual predator." Neither the state nor appellant presented any evidence on the issue. As quoted above, the trial judge simply offered, without elaboration, his conclusory statement that he "think[s]" that appellant "pose[s] a serious likelihood of reoffending." Our review of the PSI reveals no "clear and convincing" evidence upon which to base a finding that appellant is likely to reoffend. See R.C. 2950.09(B)(3).
 The third assignment of error is sustained. This cause is reversed and remanded with instructions that the trial court enter a finding that appellant not be classified as a sexual predator. (Emphasis ours.)
Judges Deschler and Brown concurred in Burbridge. In State v.Kendrick (Sept. 30, 1999), Franklin App. No. 98AP-1305, in an opinion authored by Judge Bryant, in which Judges Tyack and Deschler concurred, the court, relying on Cook, supra, stated:
 Here, the trial court did not state on the record or in its judgment entry its reasons for finding defendant is a sexual predator, or the factors it considered in making its determination. The court simply noted that it reviewed all the exhibits admitted, as well as the testimony of two doctors who testified at the July 29 hearing, and then determined "by clear and convincing evidence" that defendant is a sexual predator. The trial court's failure to specify the factors and evidence it considered in making such a determination is not error. Cook, supra, at 426, 700 N.E.2d 570 (holding that R.C. 2950.09(B)(2) "does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria set out in R.C. 2950.09(B)(2) in making his or her findings."); Maser, supra (affirming trial court's sexual predator determination while judgment entry simply stated that "[t]he state has proved by clear and convincing evidence you are a sexual predator," not indicating any reasons for that finding). An appellate court, in reviewing a finding that defendant is a sexual predator "must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard." State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported (1998 Opinions 4551, 4558). (Emphasis ours.)
Although some of the language in Burbridge suggests that the trial court should state its analysis on the record, it is clear that it was not as much the lack of analysis on the record as it was the fact that the PSI simply failed to furnish clear and convincing evidence of the likelihood that Burbridge would reoffend that caused the court to reverse the sexual predator classification. Indeed, as it had done in Kendrick, the court examined the record to determine whether the trial court was presented with evidence that satisfied the clear and convincing standard.
This court of appeals does not appear to have been presented with this precise issue in a specific assignment of error, but we appear not to have been troubled with the trial court's not having spread its analysis upon the record where the evidence of record supports the trial court's sexual predator determination. See Champion, supra, 6 — 9. We agree with the court in Kendrick that this approach is consistent with Cook, supra. Indeed, we stated in State v. Uriah G. Lewis (Nov. 22, 2000), Montgomery App. No. 18271, unreported, an appeal from a sexual predator determination, that "the trial court was not required to set out the evidence or factors upon which it relied," relying on Cook, supra.
Accordingly, we overrule the third assignment.
 4. CHAPTER 2950 OHIO REVISED CODE IS AN EX POST FACTO LAW PROHIBITED BY ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION.
This assignment is overruled on the authority of Cook, supra.
 ____________________ WOLFF, J.
BROGAN, J. and YOUNG, J., concur.